[Sac. No. 3702.   In Bank.—August 3, 1926.]

E. P. MURPHY, Appellant, v. BUCKE'S DEPARTMENT STORE (a Corporation), Respondent.

[1] CORPORATIONS — RIGHT TO STOCK — FORM OF JUDGMENT. — Where three owners of a business formed a corporation and transferred to it the business and made certain contributions of money, upon the understanding that each was to receive one-third of the capital stock, but the stock was never issued, in an action by one of the parties against the corporation to compel it to issue to him certain shares of the stock to represent his cash contribution, a judgment is proper which determines that plaintiff is entitled to one-third of the stock that defendant make application to the commissioner of corporations for permission to issue the stock and to issue and deliver to plaintiff one-third thereof, that the directors proceed before a certain limited time to obtain the permit and in the event of their failure to do so the clerk of the court be appointed as a commissioner therefor, the judgment retaining jurisdiction in the court until such time as plaintiff should receive his stock; and the judgment is not defective in not providing that plaintiff shall be

entitled to the reasonable value of the stock in the event of the nondelivery thereof to him within a reasonable time.

[2] ID.—EQUITY — RETENTION OF JURISDICTION.—There is nothing particularly unusual or contrary to good practice for the court in the exercise of its equity powers to retain jurisdiction of the parties and the subject matter of the action, when the circumstances of the case warrant the same, until the appropriate remedy may be finally accorded by the judgment in the action.

[3] ID.—OWNERSHIP OF STOCK—RIGHT TO ISSUANCE.—Where a party has paid in full for and is the owner of certain stock of a corporation, the certificate for which has not been issued, he is entitled to the aid of the court in obtaining the issuance to him of a certificate representing such ownership.

(1) 3 C. J., p. 1259, n. 60, p. 1263, n. 89 New.   (2) 3 C. J., p. 1263, n. 89 New.   (3) 14 C. J., p. 485, n. 58.

APPEAL from a judgment of the Superior Court of Glenn County. Claude F. Purkitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duard F. Geis for Appellant.

R. M. Rankin and W. E. Johnson for Respondent.

SHENK, J.—Plaintiff appeals from a judgment in his favor. He brought the action against the defendant corporation setting forth three counts in the complaint. The first count related to $6,000, alleged to be due as the value of his interest in a stock of merchandise assigned to defendant corporation; the second was for the recovery of $5,000 paid in cash to the corporation upon its formation on account of the purchase by the plaintiff of fifty shares of stock of the corporation of the par value of $100 each; the third was for money had and received, and embraced the total of the two previous counts, or $11,000. The answer denied any liability on the part of the defendant corporation and by affirmative allegations set forth the facts as found substanially by the court.

Retention of jurisdiction, note, 2 Am. Dec. 316.
2. See, also, 10 Cal. Jur. 496; 10 R. C. L. 370.
3. See 6 Cal. Jur. 754; 7 R. C. L. 216.

John Bucke had conducted a general merchandise store in Orland, Glenn county. In 1920 he met with financial reverses. In behalf of his creditors the business was taken over by the San Francisco Board of Trade and was conducted for a brief period by a representative of that board. Mrs. I. M. Bucke, wife of John Bucke, J. J. Lachenmyer, a brother of Mrs. Bucke, and the plaintiff, E. P. Murphy, entered into an agreement with the Board of Trade whereby Murphy, acting in behalf of himself, Mrs. Bucke and Lachenmyer, purchased the business for a certain cash consideration and in addition gave promissory notes for $19,000 signed by himself and indorsed by Lachenmyer. The business was then conducted by the three for a short period as a copartnership, each partner owning an undivided one-third interest. On October 20, 1920, they incorporated under the name of Bucke's Department Store with a capital of $50,000. The three copartners were the only stockholders and directors. Lachenmyer was elected president, Mrs. Bucke, vice-president, and Murphy, secretary. In addition to the transfer of the merchandise, valued at $18,000, to the corporation, each of the parties contributed $5,000 in cash with the understanding that each was to receive capital stock representing his one-third interest in the merchandise and his $5,000 cash contribution. In February, 1921, the Board of Directors passed a resolution directing the secretary and attorney to prepare the necessary application to the commissioner of corporations for permission to issue its stock. The application was prepared by Murphy as secretary, but according to the court's finding was held in abeyance by agreement of the Board of Directors and was never filed. This was the status in April, 1922, when plaintiff left the business, moved to Los Angeles and ceased to act as secretary although he did not resign from that office. Raymond Lachenmyer, son of J. J. Lachenmyer, became the acting secretary and the minute-book and other records of the corporation remained in Orland.

In December, 1922, plaintiff made written demand upon the corporation to issue to him fifty shares of its capital stock to represent his $5,000 cash contribution. The corporation made no reply nor did it take any steps to secure permission to issue its capital stock. On December 13, 1922, plaintiff made demand upon the corporation that it return

to him the sum of $5,000 previously paid in.  On March 1, 1923, the complaint in this action was filed.  After trial before the court sitting without a jury it was adjudged that plaintiff was the owner of one-third of the capital stock of said corporation; that the defendant make application to the commissioner of corporations for permission to issue $25,000 par value of capital stock; that one-third of not to exceed $25,000 par value of whatever amount of stock might be authorized be issued and delivered to plaintiff; that the directors proceed to obtain such permit prior to April 12, 1924; that in the event of their failure to do so, the clerk of the court be appointed a commissioner to do so, and that the court retain jurisdiction until such time as plaintiff should receive his stock.

[1]  The plaintiff contends that the judgment was not responsive to the issues and did not afford him the relief to which he was entitled.  On the issues raised by the complaint and the denials and affirmative allegations of the answer the court found facts which clearly entitled the plaintiff to the issuance of the stock of the corporation to the extent of his one-third interest.  In fact the defendant concedes that the plaintiff is entitled to the issuance of the stock and the plaintiff concedes that he could not be legally aggrieved if the said stock were issued to him.  But he complains that the form of the judgment was not in the alternative in this that it did not provide that he would be entitled to the reasonable value of the stock in the event of the nondelivery thereof to him within a reasonable time.

The issues presented by the pleadings and the proof may properly be deemed of equitable cognizance.  In the consideration of the evidence presented thereon the court provided for a proper remedy—the issuance of the stock to the plaintiff.  To that end it was provided that the necessary preliminary steps be taken to obtain authority to issue the stock to which the plaintiff was entitled.  This authority could only be granted by the filing of an application for a permit to issue the stock with the commissioner of corporations and the judgment provided that this should be done.  The judgment was rendered, served on the defendant, filed and entered on March 26, 1924.  It was therein provided that the directors of the defendant proceed in the manner provided by law to obtain a permit for the issuance of said

stock prior to April 12, 1924, and in the event that the directors failed to so proceed then the clerk of the court as a commissioner on behalf of the defendant should make the application. The judgment further provided that the court retain jurisdiction of the cause until such time as the application for the permit to issue the stock be heard and determined by the commissioner of corporations. The judgment was therefore interlocutory in character. It contemplated further action on the part of the court in the event the permit be issued and necessarily such further action as might be deemed proper in the event the permit be not issued. But the plaintiff filed his notice of appeal on April 5, 1924, or seven days before the expiration of the time within which the defendant was required to file the application for the permit. Assuming that the judgment was appealable the trial court was ousted of its jurisdiction by the appeal before the defendant was in default under the judgment and before any showing was made that the issuance of the permit and the stock could not be brought about as required by the judgment. Under the circumstances the plaintiff was not aggrieved at the time the appeal was taken. We do not deem it necessary to decide whether or not the judgment was appealable. In either event the court retained jurisdiction over the cause to see that the plaintiff· obtained what he was entitled to under the facts.

[2] There is nothing particularly unusual or contrary to good practice for the court in the exercise of its equity powers to retain jurisdiction of the parties and the subject matter of the action, when the circumstances of the case warrant the same, until the appropriate remedy may be finally accorded by the judgment in the action. [3] The plaintiff had paid in full for and was the owner of the stock in question and he was therefore entitled to the aid of the court in obtaining the issuance to him of a certificate representing such ownership (*Mitchell* v. *Beckman*, 64 Cal. 117 [28 Pac. 110]; *Cortelyou* v. *Imperial Land Co.*, 156 Cal. 373 [104 Pac. 695]; 6 Cal. Jur. 754, and cases cited). This the trial court was proceeding to do when the notice of appeal was filed herein.

Having concluded that the court still has jurisdiction to proceed in the manner contemplated by the judgment it is

unnecessary to pass upon other questions raised on this appeal.

The judgment is affirmed.

Seawell, J., Curtis, J., Waste, C. J., Richards, J., and Lennon, J., concurred.